IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Olean Murray, | ) | Civil Action No.: 4:04-281-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this matter, the plaintiff, Olean Murray ("Murray"), filed a complaint on January 30, 2004, alleging she was discriminated against on the basis of race and sex when she was passed over for promotion for the position of Major at the Turbeville Correctional Institute ("TCI") which is part of the South Carolina Department of Corrections. On January 31, 2005, the defendant filed a motion for summary judgment.

Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of the Report and Recommendation ("Report"), which was filed by United States Magistrate Judge Thomas E. Rogers, III, on September 2, 2005. In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendant's motion for summary judgment be granted. The plaintiff filed objections to the Report on September 20, 2005.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

1

determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the Court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and

designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

## Discussion

Initially, the Court will note that much of the plaintiff's objection to the Magistrate Judge's Report and Recommendation is simply a restatement of the procedural history and factual background of this case. The plaintiff also dedicates a significant amount of her objection to arguing that the McDonnell Douglas burden shifting framework is fundamentally unfair and has become "the ultimate escape for defendants." The plaintiff argues in her objection to the Magistrate Judge's Report, as she did in her Response in opposition to the defendant's motion for summary judgment, that the United States Supreme Court's decision in Desert Palace v. Costa, 539 U.S. 90 (2003), should apply similarly to the application of the McDonnell Douglas burden shifting test and lessen the plaintiff's burden at the summary stage. However, in this circuit all of these particular arguments are of no consequence. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005). The plaintiff also restates her qualifications in the objection. However, as the Magistrate Judge noted in his Report, both parties argue that the facts show one is better than the other.

As stated above, this Court is only charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made. As such, this Court will address the specific objections as follows:

3

1) **Selecting Officials**

The plaintiff first points out that the Magistrate Judge's Report and Recommendation considers the decisions of Ward and Beardsley. However, the plaintiff argues that there was a third individual who was evaluating the individuals who applied for the position of Major.

This Court has reviewed the Magistrate's Judge's Report and finds that the Magistrate Judge stated that there were three individuals involved in the hiring process. The Magistrate Judge states in his Report that during the hiring process the job is posted and the individuals make application for the position. This is followed by a screening process and then a selection process. During the screening process, applicants are initially screened for the stated minimal requirements and then the additional requirements included by the selecting official. Based on the requirements, each applicant is "scored" and the top scoring applicants are selected for an interview. Thirty applicants applied for the Major vacancy and eleven applicants were selected for an interview. The Magistrate Judge states in the Report that Robert Stevenson, Associate Warden at TCI, served as the screening official for this position of Major. The Magistrate Judge goes on to state that Warden Ralph S. Beardsley and Regional Director Robert E. Ward served as the selecting officials.

This Court finds that the Magistrate Judge discussed three individuals who were involved in the hiring process. Therefore, the plaintiff's objection in this regard is overruled and without merit.

2) **Scaling System**

The plaintiff next argues that all applicants were not considered on the same basis. Specifically, the plaintiff contends that some applicants were placed on a 40 point scale where as others were on a 38 point scale. The plaintiff refers this Court to Exhibit 1 attached to her objection to show the alleged discrepancy in the scaling system. However, Exhibit 1 to the plaintiff's objection is a Job Vacancy Notice for the position of Major. The Court will assume that the plaintiff is referring to Exhibit 2,

which is a statement given by Robert E. Ward. In this statement, Mr. Ward states that on the application evaluation form under the section educational level, his score on the plaintiff's form was incorrect. Mr. Ward indicates that he gave the plaintiff credit for an Associate's Degree, when in fact, her referral report indicates she has a Bachelor's Degree. Thus, Mr. Ward states that the plaintiff's score on his application evaluation form should be increased from 15 to 17 points.

This Court has reviewed the Magistrate Judge's Report and finds that this information was discussed therein. Specifically, the Magistrate Judge states that Warden Beardsley and Director Ward conducted all of the interviews together and scored each candidate independently. After the interviewing was complete, the applicants' scores were tallied and Warden Beardsley's and Director Ward's scores were combined for each applicant. Plaintiff's score at the completion of the interview process was a total of 29. However, based on a mistake made in assessing points relating to her education history, the score should have been 2 points higher for a total score of 31.

Thus, this Court finds the Magistrate Judge did address the fact that the plaintiff was entitled to 2 points higher than originally assessed. Therefore, to the extent this Court can discern this is actually the plaintiff's objection, it is overruled and without merit.

**3)  More v. Best Qualified Candidate**

The plaintiff states that in the Report and Recommendation the Magistrate Judge points to the issue that during the plaintiff's deposition she states that she did not assert that she was the best qualified candidate but was more qualified than Mr. Waite. The plaintiff argues in this objection that during her deposition the defense attorney did not ask her if she was the most qualified just if she was more qualified than Mr. Waite, the person selected for the position. The plaintiff states that law is specific and sets forth that the plaintiff must prove that she is more qualified than the person selected.

To the extent that this is an objection to the Magistrate Judge's Report and Recommendation, this Court has reviewed the Report and does not find that the Magistrate Judge applied an incorrect standard of law. In fact, the Magistrate Judge's statement which the plaintiff refers to is in the factual portion of the Report and the Magistrate Judge simply states that the plaintiff does not assert that she was the best qualified candidate but was more qualified than Mr. Waite. However, in the analysis portion of the Report, the Magistrate Judge states that the defendant asserts that the plaintiff must prove that she was better qualified to establish a failure to promote case, however, the Magistrate Judge found that the defendant misconstrues the legal precedent. The Magistrate Judge outlines that the United States Supreme Court's decision in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000), tells us that a plaintiff can establish a Title VII claim by demonstrating a *prima facie case* plus evidence that the defendant's proffered reasons are false or unworthy of credence. The Magistrate Judge further explains that it is not necessary in all circumstances that the proffered reason itself is false. Falsity can be shown by demonstrating that the reason, while itself true, is not the real reason for the adverse action. Therefore, the Magistrate Judge states that the plaintiff may show pretext by establishing (1) she is **more** qualified, or (2) regardless of the qualifications, the explanation is not the real reason for the adverse action. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005); Dennis v. Columbia Colleton Med Ctr., Inc., 290 F.3d 639, 648 n.4 (4th Cir. 2002).

Therefore, this Court does not find that the Magistrate Judge held that the plaintiff must establish that she was the best qualified candidate. As such, the plaintiff's objection in this regard is overruled and without merit.

**4) Conclusory Assertions**

The plaintiff next objects to the fact that the Magistrate Judge stated in the Report and Recommendation that the plaintiff made several "bald conclusory assertions in her brief" that are

insufficient to create a genuine issue of fact. The plaintiff argues that since she has been employed with the defendant for a period of several years, she is able to present facts and interpretation of those facts that individuals from outside the SCDC do not have the benefit of seeing. The plaintiff states that taking the "bald conclusory assertions in her brief" by themselves is not enough to survive summary judgment and create a genuine issue of material fact. However, the plaintiff argues that taking the statements as a black female employed with the SCDC and the fact that she was denied a promotion, wherein a white male was placed in that position, who was less qualified and later demoted from the position, altogether and not "atomistically," a genuine issue of material fact is presented to the jury.

This Court has reviewed the Magistrate Judge's reference in the Report to several of the plaintiff's bald, conclusory assertions and finds that the Magistrate Judge was correct to conclude that they are insufficient to create a genuine issue of material fact to defeat the defendant's motion for summary judgment. See Barber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992) (The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a summary judgment). As such, this Court overrules the objection and finds it without merit.

### Conclusion

For the foregoing reasons, the Court overrules all objections to the Magistrate Judge's Report and Recommendation, adopts the Report and Recommendation and incorporates it herein by reference as modified by this Order. Accordingly, the defendant's motion for summary judgment is hereby **GRANTED.**

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
September 29, 2005